IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE ALBERT SMITH,

     Plaintiff,

v.                                                    CASE NO. 5:17-cv-93-MCR-GRJ

DR. STOLL, et al.,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Willie Albert Smith, DOC #040330, an inmate presently confined at Gulf Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  ECF Nos. 1.   Plaintiff failed to either pay the civil case filing fee or file a motion for leave to proceed as a pauper.  Plaintiff concedes that he is subject to the 28 U.S.C. § 1915(g) three-strikes bar, but contends that he is entitled to proceed as a pauper in this case pursuant to the "imminent danger" exception.  For the following reasons, the undersigned recommends that this case be dismissed pursuant to the three-strikes bar and for failure to exhaust administrative remedies before filing.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by

adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the
> prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

A review of the Court's PACER case locator confirms that Plaintiff is subject to the three-strikes bar. *See*, *e.g.*, *Smith v. Mercer*, Case No. 3:14-cv-1156-TJC-PDB (M.D. Fla. 9/25/14) (dismissing case pursuant to three-strikes bar and noting Plaintiff's extensive filing history). Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception

to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).
The Plaintiff must make "specific fact allegations of ongoing serious
physical injury, or a pattern of misconduct evidencing the likelihood of
imminent serious physical injury,"  *id.,* and vague allegations of harm and
unspecific references to injury are insufficient.  *White v. State of Colorado,*
157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced
a past imminent danger is insufficient to allow him to proceed *in forma
pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,*
185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered
where threat of assault by other prisoners ceased to exist when plaintiff
was placed in administrative confinement prior to filing of his complaint);
*see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent
danger exception is construed narrowly and available only "for genuine
emergencies," where "time is pressing" and "a threat . . . is real and
proximate.").

Plaintiff's allegations concern his medical care at Gulf CI for certain
chronic conditions as well as for an injury sustained when he fell on March
10, 13, and 15, 2017.  Plaintiff alleges that officers kicked him in his injured
knee on March 17 and 18.  On March 20, he fell and an officer stepped on

his hand.  Plaintiff executed the Complaint on March 21, 2017.  ECF No. 1.

Liberally construed, the Complaint as a whole does not allege facts that suggest that Plaintiff is in imminent danger of serious physical injury with respect to his chronic medical conditions.  Plaintiff allegations reflect that he is receiving treatment for such conditions, but that he disagrees with the treatment provided.  Plaintiff does not allege specific facts which indicate that  serious physical injury is imminent.

Further, it is apparent from the face of the Complaint that Plaintiff could not have exhausted the DOC's three-step administrative remedy process with respect to claims arising between March 10-20, 2017, prior to filing this case on March 21, 2017.[1]

Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

---

[1] The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections.  With certain exceptions, inmates initiate the process by submitting an informal grievance.   If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance.  If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.  The Secretary has up to 30 days to respond.  *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(3)(c).

until such administrative remedies as are available are
exhausted.

42 U.S.C. § 1997e(a).

The Eleventh Circuit has stated that "[t]he plain language of [§
1997e(a) ] makes exhaustion a precondition to filing an action in federal
court." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001).
It is also clear that, for exhaustion purposes, the facts that count are those
in existence at the time the plaintiff files his lawsuit. *See Harris v. Garner*,
216 F.3d 970, 974 (11th Cir.2000) (concluding that a plaintiff's status as a
prisoner for purposes of § 1997e(e)'s limitation on suits "brought by a
prisoner" is determined as of the time suit is filed).  Section 1997e(a)
provides that "[n]o action shall be brought ... by a prisoner ... until such
administrative remedies as are available are exhausted." 42 U.S.C. §
1997e(a) (emphasis added).   The word "brought" in this context "refer[s] to
the filing or commencement of a lawsuit, not to its continuation."  *Harris*,
216 F.3d at 974; *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th
Cir.1999) (interpreting § 1997e(a) to mean that a state inmate must comply
with state grievance procedures "*before* filing a federal lawsuit under
section 1983") (emphasis added).

Although the § 1997e exhaustion requirement is an affirmative

defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff's failure to administratively exhaust the claims in the complaint before filing this case provides grounds for dismissal without prejudice.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing claims relating to his medical care as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff's remaining claims are due to be dismissed for failure to exhaust administrative remedies.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar and for failure to exhaust administrative

remedies before filing.

      **IN CHAMBERS** this 26th  day of June 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**